IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-03124-CMA-NRN

SWAN GLOBAL INVESTMENTS, LLC,

Plaintiff,

v.

THOMAS RICHARD YOUNG,

Defendant.

ORDER TO PLAINTIFF SWAN GLOBAL
TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE
DISMISSED WITH PREJUDICE PURSUANT TO FED. R. CIV. P. 41(b)

Entered by Magistrate Judge N. Reid Neureiter

This matter came before the Court on February 6, 2019 for a hearing (Dkt. #37) on Defendant Thomas Richard Young's ("Mr. Young") Motion to Dismiss Pursuant to Fed. R. Civ. P. 41(b) (Dkt. #25). Swan Global did not appear at the hearing. Only after attempts by my chamber's staff to reach either Swan Global's attorney of record or Swan Global's company headquarters did an attorney call back, saying he had only recently been retained, and effectively conceding he was unprepared to address the substance of the motion to dismiss.

As outlined below, Plaintiff Swan Global is ordered to SHOW CAUSE in writing **by February 20, 2019** why this matter should not be dismissed with prejudice as a sanction for (1) making misrepresentations or material omissions to opposing counsel and the Court; (2) failing to file a "short and plain" statement of the case, and failing to make it either shorter or plainer in multiple amendments; (3) failing to respond in a timely manner to Defendant's Motion to Dismiss; (4) failing to have replacement counsel timely enter an appearance to replace counsel who has twice sought to withdraw from the case, even after being ordered to do so by the Court; and (5) failing to appear at the February 6, 2019 motions hearing.

I. **Procedural History of the Case**

The case was originally filed in the District Court for La Plata County, Colorado on November 16, 2018. Defendant Young removed the case to federal court on December 4, 2018. (Dkt. #1.)

1

Swan Global is a Durango, Colorado-based company providing investment management services. Defendant Young lives in Illinois. The Complaint alleges that Mr. Young was an independent contractor for Swan Global from 2013 until January 31, 2016, when he was terminated for alleged breach of contract, fraud, and non-performance. Using 182 paragraphs, the original twenty-four-page Complaint alleged seventeen claims for relief against Mr. Young, including everything from breach of contract, to theft of confidential information in violation of Colorado statute, to intentional interference with contractual relations, to fraud, conspiracy and conversion. (Dkt #1-1.)

On November 26, 2018, while the case was still in La Plata County District Court, Swan Global filed an Amended Complaint. (Dkt. #4.) The twenty-five-page Amended Complaint upped the number of paragraphs to one hundred ninety-nine and the number of counts to twenty-three. Added were claims for, among other things, civil theft and injunctive relief.

The removed case was assigned to Magistrate Judge Nina Wang on December 6, 2018. Judge Wang issued an order setting a scheduling conference for February 11, 2019, and ordered the parties to complete and file the Consent/Nonconsent Form by January 28, 2019. (Dkt. #11.)

Attorney Leslie Fourton, Jr. entered an appearance in this matter on behalf of Swan Global on December 14, 2018. (Dkt. #14.) Mr. Fourton was the attorney who had signed and filed the original and amended Complaints on Swan Global's behalf.

On December 30, 2018, Mr. Fourton filed two versions of a Third Amended Complaint, Dkt. #18 – later withdrawn – and Dkt. #20. The not-withdrawn Third Amended Complaint (Dkt. #20) added another sixty-nine paragraphs and another eighteen pages to the complaint, taking the document to forty-three pages in length. On its face, the Third Amended Complaint is not a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

On the same date, December 30, 2018, Fourton also filed a Motion to Withdraw as Counsel. (Dkt. #19.) Attorney Fourton explained in his motion to withdraw that Swan Global was eliminating his position as General Counsel: "[Swan Global] is eliminating the General Counsel position in its entirety as of December 31, 2018. Therefore, it is necessary to withdraw as counsel for Plaintiff/claimant in this matter." (Dkt. #19 at 1.) The December 30, 2018 withdrawal motion did not comply with our Local Rules in that it did not give an appropriate warning to the client. *See* D.C.COLO.LAttyR 5(b) ("Where the client of the withdrawing attorney is a corporation, partnership, or other legal entity, the notice shall state that such entity may not appear without counsel admitted to the bar of this court, and that absent prompt appearance of substitute counsel, pleadings and papers may be stricken, and default judgment or other sanctions may be imposed against the entity.")

On January 2, 2019, Judge Wang issued a minute order noting that withdrawal by Mr. Fourton would leave Swan Global without representation, and set a hearing for

January 9, 2019.  Judge Wang ordered "that Plaintiff's counsel and a representative from Plaintiff must appear in person."  (Dkt. #21.)

Judge Wang held a hearing on January 9, 2019.  (Dkt. #22.)  Contrary to Judge Wang's order, neither Mr. Fourton nor a representative of Swan Global appeared in person.  Instead, Mr. Fourton and Robert Swan appeared by telephone.  The transcript of those proceedings is found at Docket No. 36.

Judge Wang explained to Mr. Swan that Swan Global, as a corporate entity, could not appear without a lawyer.  (Dkt. #36 at 15-16, 18-19.)  Judge Wang also noted that Swan Global would have to a have a lawyer to appear at a scheduled February 11, 2019 scheduling conference, and to comply with the February 4, 2019 deadline for submission of the proposed scheduling order.  (*Id.*)

As Judge Wang said,

> But as a corporation, you can't proceed without an attorney, okay?  So you have a deadline of February 11th for a scheduling conference in this case.  And then a proposed scheduling order is due on February 4th.  And, frankly, given the age of this case and how long it's been pending, I'm going to be disinclined to give you much time to get new counsel on board, because we need to start moving this action, Okay?

(Dkt. #36 at 18-19.)

Because no new counsel had entered an appearance, and because the Parties had not submitted a magistrate judge consent form, Judge Wang declined to grant attorney Fourton's Motion to Withdraw.  (*Id.* at 20.)

On January 11, 2019, the Parties filed the necessary consent form to allow Magistrate Judge Wang to preside.  (Dkt. #23.)

The same day, Defendant Young filed a Motion to Dismiss Pursuant to F.R.C.P. 41(b) (Dkt. #25) on several grounds, including alleged deceptive conduct by Swan Global in dealing with counsel and the Court.

First, Defendant Young asserts that on or about December 12, 2018, his counsel, Cara Thornton, had conferred regarding Defendant Young's intention to move to dismiss Swan's Amended Complaint (Dkt. #4) which, as noted above, was twenty-five pages long and asserted twenty-three claims for relief.  According to Ms. Thornton, Swan Global's counsel, Mr. Fourton, agreed to further amend the Complaint to reduce the number of allegations and claims "based on the Defendant's identified deficiencies."  (Dkt. #25 at 2 ¶ 2.)  According to Ms. Thornton, she "consented to the additional amendment as well as the additional time requested [to make the amendment] with the understanding and belief from Swan's counsel that the forthcoming amendments would

3

narrow the complaint and address the numerous deficiencies identified during the conferral between counsel." (*Id.* at ¶ 3.) Yet, when the Third Amended Complaint was filed, contrary to the representations of Mr. Fourton that the amended pleading would be shorter and more focused, it was instead forty-four pages long with the same twenty-three causes of action. As counsel Thornton explained, Defendant Young "would not have consented to the additional amendment or the additional time to amend but for Swan's representations that further amendments would narrow the claims against Mr. Young." (*Id.* at ¶ 4.) Having already amended its Complaint once, by rule, Swan Global was not entitled to amend again without either the consent of the Defendant or leave of Court. *See* Fed. R. Civ. P. 15(a)(2).

Next, Defendant Young takes issue with both Attorney Fourton and Mr. Swan making false representations to the Court. Both men were present when it was represented to Judge Wang that the position of General Counsel at Swan Global was being eliminated "in its entirety." (Dkt. #36 at 2 (Transcript of January 9, 2019 hearing before Judge Wang).) But in fact, according to materials submitted by defense counsel, the position of General Counsel was not being eliminated. Instead, Swan Global had hired Mr. James Candelaria in a part-time role on January 1, 2019, to replace Mr. Fourton. Mr. Candelaria has another part-time job. He serves as part-time United States Magistrate Judge in this Court, located in Durango, Colorado. Defendant Young argues that both the misrepresentation that the position was being eliminated, and the failure to note that Mr. Candelaria had been hired as a replacement, were misrepresentations or material omissions. Indeed, it is hard to believe that, having just hired Mr. Candelaria as replacement General Counsel on January 1, 2019, Mr. Swan had forgotten he had done so on January 9, 2019, when he heard his lawyer represent to Judge Wang that the General Counsel position was being eliminated "in its entirety."

Judge Wang recused herself from the case on January 14, 2019, and the matter was randomly reassigned to District Judge Christine Arguello. (Dkt. #27.) I was assigned as the Magistrate Judge on the matter (Dkt. #29), and on January 16, 2019, Judge Arguello referred to me (Dkt. #30) the Defendant's Motion to Dismiss (Dkt. #25), Defendant's Motion for Extension of Time to File an Answer (Dkt. #24), and Mr. Fourton's two Motions to Withdraw (Dkt. #19 and Dkt. #28).

I immediately set these matters for a motion hearing on February 6, 2019. (Dkt. #33 (Minute Order of 1/16/2019).) In the minute order setting the matter for hearing, I ordered Mr. Fourton to appear either in person or by telephone. I also ordered Swan Global to "retain replacement counsel, and that counsel shall enter an appearance in advance of and appear for the Motion Hearing." (*Id.*) I expressly warned that "[f]ailure to retain replacement counsel may result in dismissal of this action." (*Id.*) In the interim, I ordered that Defendant would not be required to answer or otherwise respond to the Plaintiff's Third Amended Complaint. (*Id.*)

The date of February 6, 2019 for the motion hearing was picked intentionally because it would give Swan Global the necessary 21 days under D.C.Colo.LCivR 7.1(d) to respond to Defendant Young's Motion to Dismiss, which had been filed on January

4

11, 2019.  (Dkt. #25.)  Yet, February 1, 2019 (21 days from the date of service) came and went without any written response from Swan Global to Mr. Young's Motion to Dismiss, or any motion seeking an extension of time to respond.

The same day I scheduled the February 6, 2019 motion hearing (January 16, 2019), Judge Wang issued a minute order stating that due to her recusal (Dkt. #26), the scheduling conference previously set to occur before her on February 11, 2019 would happen in my courtroom.  (Dkt. #34.)  Because it made little sense for the parties to submit a proposed scheduling order before the February 6, 2019 motion hearing, I immediately reset the scheduling conference for February 25, 2019.  (Dkt. #35.)

I did not vacate or change the date of the February 6, 2019 hearing, and there is nothing on the docket indicating that the February 6, 2019 hearing would not take place as scheduled. If any confusion existed concerning the February 6, 2019 hearing, counsel could have called my chambers for clarification—but did not do so.

## II.    Swan Global Fails to Appear at Motions Hearing on February 6, 2019

At the scheduled February 6, 2019, motion hearing, neither Mr. Fourton nor any representative of Swan Global appeared, either in person or by phone.  Defendant Young was represented by counsel, Ms. Thornton. At my request, my law clerk attempted unsuccessfully to contact Mr. Fourton by phone.  My law clerk then called the offices of Swan Global attempting to reach Mr. Robert Swan.  He too was not available.  My law clerk left a message that the hearing was starting.  Without any representative of Swan Global present, I began the hearing at 3:19 p.m.  I heard argument by counsel for the Defendant and was prepared to dismiss the case with prejudice, when my chambers received a call from attorney Thomas Quinn, who was patched into the courtroom phone system.  This call came in at approximately 3:53 pm.

Mr. Quinn related that he had only recently been retained on this matter, that he had an appellate brief due the week of February 6, 2019, and that he had mistakenly believed that everything (including the motion hearing on the motion to dismiss and motions to withdraw) had been postponed until the February 25, 2019 scheduling conference.  While Mr. Quinn was on the phone in the Courtroom, my chambers got a call from Mr. Fourton, who insisted to my law clerk that he had received or seen something on the docket postponing the motion hearing until February 25.  This was, of course, not true.  After listening briefly to Mr. Quinn's attempt to take responsibility for not understanding the date of the hearing, I asked Mr. Quinn why Swan Global had failed to timely respond to the Motion to Dismiss.  Mr. Quinn did not know.

After taking a short recess, I concluded the hearing by indicating that I would dismiss the case with prejudice.  I issued courtroom minutes stating that the "Court tentatively decides to recommend that this case be DISMISSED.  A written recommendation will follow." (Dkt. #37.)

5

### III. Swan Global must SHOW CAUSE why this case should not be dismissed with prejudice.

After considering the matter more extensively, and rather than recommending dismissal without giving Swan Global a fair opportunity to explain its conduct, it is

HEREBY ORDERED that Plaintiff Swan Global shall **SHOW CAUSE in writing by February 20, 2019** why this matter should not be dismissed with prejudice as a sanction for

(1) making misrepresentations or material omissions to opposing counsel and the Court;

(2) failing to file a "short and plain" statement of the case despite multiple amendments;

(3) failing to respond in a timely manner to Defendant's Motion to Dismiss (Dkt. #25);

(4) failing to have replacement counsel timely enter an appearance to replace counsel who has twice sought to withdraw from the case; and

(5) failing to appear at the February 6, 2019 motion hearing.

In addition, the February 25, 2019 scheduling conference is RESET as a hearing on the ORDER TO SHOW CAUSE. Both Mr. Fourton and new counsel for Swan Global are ordered to appear at the February 25, 2019 hearing. Swan Global's new counsel must appear in person. Mr. Fourton may appear either in person or by telephone. If Mr. Fourton intends to appear by phone, he is directed to call chambers, **303-335-2403**, at the designated time of 11:00 a.m. MST.

To the extent Defendant Mr. Young would like to file a response to Swan Global's written show cause submission, he shall do so on or before February 22, 2019.

Date: February 12, 2019