IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-03124-CMA-NRN

SWAN GLOBAL INVESTMENTS, LLC,

Plaintiff,

v.

THOMAS RICHARD YOUNG,

Defendant.

**ORDER DISCHARGING ORDER TO SHOW CAUSE (Dkt. #38),
ORDER IMPOSING SANCTIONS ON PLAINTIFF, AND
RECOMMENDATION DENYING DEFENDANT'S MOTION TO DISMISS
PURSUANT TO FED. R. CIV. P. 41(b) (Dkt. #25)**

Entered by Magistrate Judge N. Reid Neureiter

This matter came before the Court on February 25, 2019 for a hearing on an Order to Show Cause as to why the case should not be dismissed with prejudice for Plaintiff's various failures, including failure to appear at hearings and failure to respond to a motion to dismiss. Also before the Court is Defendant Thomas Richard Young's ("Mr. Young") Motion to Dismiss Pursuant to Fed. R. Civ. P. 41(b). (Dkt. #25.) The Court attempted to have a hearing on February 6, 2019 regarding the Motion to Dismiss, but Plaintiff's counsel did not appear until late into the hearing (after the Swan Global Investment's offices were contacted by the Court's staff), leading to the issuance of the Order to Show Cause.

Plaintiff Swan Global was ordered to show cause why this matter should not be dismissed with prejudice as a sanction for (1) making misrepresentations or material omissions to opposing counsel and the Court; (2) failing to file a "short and plain"

1

statement of the case, and failing to make it either shorter or plainer in multiple amendments; (3) failing to respond in a timely manner to Defendant's Motion to Dismiss; (4) failing to have replacement counsel timely enter an appearance to replace counsel who has twice sought to withdraw from the case, even after being ordered to do so by the Court; and (5) failing to appear at the February 6, 2019 motions hearing.

The Court heard argument from the Parties, including from Swan Global via its new counsel, Thomas F. Quinn, who formally entered his appearance on February 20, 2019. (Dkt. #39.) Having reviewed the filings and responses, the Court ORDERS as follows:

1. The Order to Show Cause is **DISCHARGED**.
2. Plaintiff Swan Global is **ORDERED** to pay sanctions in the form of attorneys' fees as described in more detail below.
3. The Court **RECOMMENDS** that Defendant's Motion to Dismiss with prejudice pursuant to Rule 41(b) be **DENIED**, in large part because an alternative sanction in the form of attorneys' fees is sufficient to compensate Defendant for the prejudice done and to discourage future inappropriate conduct.
4. Plaintiff Swan Global is **ORDERED** to file a further amended complaint (which shall be a "short and plain statement" of Plaintiff's claim) within seven business days from the date of this Order.
5. The Parties are **ORDERED** to jointly contact the Court's chambers, **303-335-2403**, within seven business days from the date of this Order, to set a date for a scheduling conference.

## I. Procedural History of the Case

The case was originally filed in the District Court for La Plata County, Colorado on November 16, 2018. Defendant Young removed the case to federal court on December 4, 2018. (Dkt. #1.)

Swan Global is a Durango, Colorado-based company providing investment management services. Defendant Young lives in Illinois. The Complaint alleges that Mr. Young was an independent contractor for Swan Global from 2013 until January 31, 2016, when he was terminated for alleged breach of contract, fraud, and non-performance. Using 182 paragraphs, the original twenty-four-page Complaint alleged seventeen claims for relief against Mr. Young, including everything from breach of contract, to theft of confidential information in violation of Colorado statute, to intentional interference with contractual relations, to fraud, conspiracy and conversion. (Dkt #1-1.)

On November 26, 2018, while the case was still in La Plata County District Court, Swan Global filed an Amended Complaint. (Dkt. #4.) The twenty-five-page Amended Complaint upped the number of paragraphs to one hundred ninety-nine and the number of counts to twenty-three. Added were claims for, among other things, civil theft and injunctive relief.

The removed case was assigned to Magistrate Judge Nina Wang on December 6, 2018. Judge Wang issued an order setting a scheduling conference for February 11, 2019, and ordered the parties to complete and file the Consent/Nonconsent Form by January 28, 2019. (Dkt. #11.)

Attorney Leslie Fourton, Jr. entered an appearance in this matter on behalf of Swan Global on December 14, 2018. (Dkt. #14.) Mr. Fourton was the attorney who had signed and filed the original and amended Complaints on Swan Global's behalf.

On December 30, 2018, Mr. Fourton filed two versions of a Third Amended Complaint, Dkt. #18 – later withdrawn – and Dkt. #20. The not-withdrawn Third Amended Complaint (Dkt. #20) added another sixty-nine paragraphs and another eighteen pages to the complaint, taking the document to forty-three pages in length. On its face, the Third Amended Complaint is not a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

On the same date, December 30, 2018, Mr. Fourton also filed a Motion to Withdraw as Counsel. (Dkt. #19.) Mr. Fourton explained in his motion to withdraw that Swan Global was eliminating his position as General Counsel: "[Swan Global] is eliminating the General Counsel position in its entirety as of December 31, 2018. Therefore, it is necessary to withdraw as counsel for Plaintiff/claimant in this matter." (Dkt. #19 at 1.) The December 30, 2018 withdrawal motion did not comply with our Local Rules in that it did not give an appropriate warning to the client. *See* D.C.COLO.LAttyR 5(b) ("Where the client of the withdrawing attorney is a corporation, partnership, or other legal entity, the notice shall state that such entity may not appear without counsel admitted to the bar of this court, and that absent prompt appearance of substitute counsel, pleadings and papers may be stricken, and default judgment or other sanctions may be imposed against the entity.")

On January 2, 2019, Judge Wang issued a minute order noting that withdrawal by Mr. Fourton would leave Swan Global without representation, and setting a hearing

for January 9, 2019. (Dkt. #21.) Judge Wang ordered "that Plaintiff's counsel and a representative from Plaintiff must appear in person." (Dkt. #21.)

Judge Wang held a hearing on January 9, 2019. (Dkt. #22.) Contrary to Judge Wang's order, neither Mr. Fourton nor a representative of Swan Global appeared in person. Instead, Mr. Fourton and Robert Swan appeared by telephone. The transcript of those proceedings is found at Docket No. 36.

Judge Wang explained to Mr. Swan that Swan Global, as a corporate entity, could not appear without a lawyer. (Dkt. #36 at 15-16, 18-19.) Judge Wang also noted that Swan Global would have to a have a lawyer to appear at a scheduled February 11, 2019 scheduling conference, and to comply with the February 4, 2019 deadline for submission of the proposed scheduling order. (*Id.*)

As Judge Wang said,

> But as a corporation, you can't proceed without an attorney, okay? So you have a deadline of February 11th for a scheduling conference in this case. And then a proposed scheduling order is due on February 4th. And, frankly, given the age of this case and how long it's been pending, I'm going to be disinclined to give you much time to get new counsel on board, because we need to start moving this action, Okay?

(Dkt. #36 at 18-19.)

Because no new counsel had entered an appearance, and because the Parties had not submitted a magistrate judge consent form, Judge Wang declined to grant Attorney Fourton's Motion to Withdraw. (*Id.* at 20.)

On January 11, 2019, the Parties filed the necessary consent form to allow Magistrate Judge Wang to preside over this case. (Dkt. #23.)

The same day, Defendant Young filed a Motion to Dismiss Pursuant to Fed. R. Civ. P. 41(b) on several grounds, including alleged deceptive conduct by Swan Global in dealing with counsel and the Court. (Dkt. #25.)

First, Defendant Young asserts that on or about December 12, 2018, his counsel, Cara Thornton, had conferred regarding Defendant Young's intention to move to dismiss Swan's Amended Complaint (Dkt. #4) which, as noted above, was twenty-five pages long and asserted twenty-three claims for relief. According to Ms. Thornton, Swan Global's counsel, Mr. Fourton, agreed to further amend the Complaint to reduce the number of allegations and claims "based on the Defendant's identified deficiencies." (Dkt. #25 at 2 ¶ 2.) According to Ms. Thornton, she "consented to the additional amendment as well as the additional time requested [to make the amendment] with the understanding and belief from Swan's counsel that the forthcoming amendments would narrow the complaint and address the numerous deficiencies identified during the conferral between counsel." (*Id.* at ¶ 3.) Yet, when the Third Amended Complaint was filed, contrary to the representations of Mr. Fourton that the amended pleading would be shorter and more focused, it was instead forty-four pages long with the same twenty-three causes of action. As counsel Thornton explained, Defendant Young "would not have consented to the additional amendment or the additional time to amend but for Swan's representations that further amendments would narrow the claims against Mr. Young." (*Id.* at ¶ 4.) Having already amended its Complaint once, by rule, Swan Global was not entitled to amend again without either the consent of the Defendant or leave of Court. *See* Fed. R. Civ. P. 15(a)(2).

Next, Defendant Young takes issue with both Attorney Fourton and Mr. Swan making false representations to the Court. Both men were present when it was represented to Judge Wang that the position of General Counsel at Swan Global was being eliminated "in its entirety." (Dkt. #36 at 2 (Transcript of January 9, 2019 hearing before Judge Wang).) But, in fact, according to materials submitted by defense counsel, the position of General Counsel was not being eliminated. Instead, Swan Global had hired Mr. James Candelaria in a part-time role on January 1, 2019, to replace Mr. Fourton. Mr. Candelaria has another part-time job. He serves as part-time United States Magistrate Judge in this Court, located in Durango, Colorado. Defendant Young argues that both the misrepresentation that the position was being eliminated, and the failure to note that Mr. Candelaria had been hired as a replacement, were misrepresentations or material omissions. Having just hired Mr. Candelaria as replacement General Counsel on January 1, 2019, Mr. Swan failed to correct the record before Judge Wang on January 9, 2019, when he heard his lawyer, Mr. Fourton, represent to Judge Wang that the General Counsel position was being eliminated "in its entirety."

Judge Wang recused herself from the case on January 14, 2019, and the matter was randomly reassigned to District Judge Christine Arguello. (Dkt. #27.) I was assigned as the Magistrate Judge on the matter (Dkt. #29), and on January 16, 2019, Judge Christine Arguello referred to me (Dkt. #30) the Defendant's Motion to Dismiss (Dkt. #25), Defendant's Motion for Extension of Time to File an Answer (Dkt. #24), and Mr. Fourton's two Motions to Withdraw (Dkt. #19 and Dkt. #28).

I immediately set these matters for a motion hearing on February 6, 2019. (Dkt. #33 (Minute Order of 1/16/2019).) In the minute order setting the matter for hearing, I

7

ordered Mr. Fourton to appear either in person or by telephone. I also ordered Swan Global to "retain replacement counsel, and that counsel shall enter an appearance in advance of and appear for the Motion Hearing." (*Id.*) I expressly warned that "[f]ailure to retain replacement counsel may result in dismissal of this action." (*Id.*) In the interim, I ordered that Defendant would not be required to answer or otherwise respond to the Plaintiff's Third Amended Complaint. (*Id.*)

The date of February 6, 2019 for the motion hearing was picked intentionally because it would give Swan Global the necessary 21 days under D.C.Colo.LCivR 7.1(d) to respond to Defendant Young's Motion to Dismiss, which had been filed on January 11, 2019. (Dkt. #25.) Yet, February 1, 2019 (21 days from the date of service) came and went without any written response from Swan Global to Mr. Young's Motion to Dismiss, or any motion seeking an extension of time to respond.

The same day I scheduled the February 6, 2019 motion hearing (January 16, 2019), Judge Wang issued a minute order stating that due to her recusal (Dkt. #26), the scheduling conference previously set to occur before her on February 11, 2019 would happen in my courtroom. (Dkt. #34.) Because it made little sense for the parties to submit a proposed scheduling order before the February 6, 2019 motion hearing, I promptly reset the scheduling conference for February 25, 2019. (Dkt. #35.) I did not vacate or change the date of the February 6, 2019 hearing, and there is nothing on the docket indicating that the February 6, 2019 hearing would not take place as scheduled. If any confusion existed concerning the February 6, 2019 hearing, counsel could have called my chambers for clarification—but did not do so.

## II.     Swan Global Fails to Appear at Motions Hearing on February 6, 2019

At the scheduled February 6, 2019, motion hearing, neither Mr. Fourton nor any representative of Swan Global appeared, either in person or by phone. Defendant Young was represented by counsel, Ms. Thornton. At my request, my law clerk attempted unsuccessfully to contact Mr. Fourton by phone. My law clerk then called the offices of Swan Global attempting to reach Mr. Robert Swan. He too was not available. My law clerk left a message that the hearing was starting. Without any representative of Swan Global present, I began the hearing at 3:19 p.m. I heard argument by counsel for the Defendant and was prepared to dismiss the case with prejudice, when my chambers received a call from attorney Thomas Quinn, who was patched into the courtroom phone system. This call came in at approximately 3:53 pm.

Mr. Quinn related that he had only recently been retained on this matter, that he had an appellate brief due the week of February 6, 2019, and that he had mistakenly believed that everything (including the motion hearing on the motion to dismiss and motions to withdraw) had been postponed until the February 25, 2019 scheduling conference. While Mr. Quinn was on the phone in the courtroom, my chambers got a call from Mr. Fourton, who insisted to my law clerk that he had received or seen something on the docket postponing the motion hearing until February 25. This was, of course, not true. After listening briefly to Mr. Quinn's attempt to take responsibility for not understanding the date of the hearing, I asked Mr. Quinn why Swan Global had failed to timely respond to the Motion to Dismiss. Mr. Quinn did not know.

After taking a short recess, I concluded the hearing by indicating that I would dismiss the case with prejudice. I issued courtroom minutes stating that the "Court

9

tentatively decides to recommend that this case be DISMISSED. A written recommendation will follow." (Dkt. #37.) After considering the issue further, rather than recommending the case be dismissed without prejudice at that that time, I issued the Order to Show Cause. (Dkt. #38.)

### III. The Show Cause Hearing on February 25, 2019

At the show cause hearing on February 25, 2019, Mr. Quinn appeared in person for Swan Global. Mr. Fourton appeared by telephone, as did Mr. Swan. Mr. Swan submitted an affidavit explaining that Mr. Fourton had not known of the hiring of Mr. Candelaria as replacement (part-time) General Counsel. (Dkt. #41-1 ¶ 7.) Mr. Swan further explained that he had not corrected Mr. Fourton's factually inaccurate statement to the Court about the General Counsel position being eliminated in its entirety because Mr. Swan knew by that point that Mr. Candelaria could not work on the case, and Swan Global would have to get outside counsel to replace Mr. Fourton's work on this case in any event. (*Id.* ¶ 6.) Said Mr. Swan, "Since Mr. Candelaria was not a candidate to replace Mr. Fourton in this case, I did not believe that his retention as part-time general counsel was significant, and since, in my mind, the two positions held by Mr. Candelaria and Mr. Fourton were different in duties and scope, I did not think to correct Mr. Fourton's report to the Court that his position was being eliminated." (*Id.* ¶ 7.)

In explaining why Swan Global did not respond to the Motion to Dismiss, Plaintiff's counsel Mr. Quinn represented that Mr. Fourton had been relieved of his duties at Swan Global, had his computer repossessed by the Company, and was in the process of moving to New York. Mr. Fourton was not in a position to respond substantively to the Motion to Dismiss, and Mr. Fourton believed that Swan Global was

taking appropriate steps to locate replacement counsel. Mr. Fourton claims that he believed everything was delayed until February 25, 2019, which was why he did not appear at the hearing on February 6, 2019.

As Mr. Swan and Mr. Fourton were present via telephone during the Show Cause hearing, I gave Mr. Young's defense counsel the opportunity to cross-examine them regarding their statements or representations. Rather than cross-examining Mr. Fourton or Mr. Swan, Defense Counsel objected to their presence by telephone and asked that any representations about what Mr. Fourton would have testified to be stricken and not considered. I decline to strike the proffer of what Mr. Fourton would have testified to. If Defense Counsel believed the proffer was not factually correct, she could have cross-examined Mr. Fourton.

**IV.     Factual Findings.**

Having reviewed the filings and accompanying exhibits, and heard argument, I make the following findings of fact:

1. I do not find that Mr. Fourton intentionally misled the Court when he told Judge Wang that his position was being eliminated in its "entirety." Mr. Fourton did not know that Mr. Candelaria was being hired as part-time General Counsel.

2. Although, in retrospect, Mr. Swan probably should have informed Judge Wang that Mr. Candelaria was being hired as part-time General Counsel, the fact was that Mr. Candelaria would not have been able to work on this case. So, at that time, no in-house General Counsel, whether full-time or part-time, was going to work on this case for Swan Global.To that extent, it was true that Mr. Fourton's role as an in-house lawyer on this case was being eliminated.

3. Swan Global's complaint is prolix and on its face is not a "short and plain" statement of Swan Global's claims against Mr. Young. I credit Defense Counsel's representation that her understanding with Mr. Fourton was that in agreeing to permit Swan Global to file a Third Amended Complaint, Swan Global was supposed to focus and narrow the claims, rather than expand them. That said, I am not persuaded that failure to voluntarily shorten and

11

clarify a complaint via amendment is a basis for dismissing a claim with prejudice.

4. Swan Global failed to respond to the Motion to Dismiss. There is really no excuse for this failure. Mr. Fourton was not relieved of his obligations as counsel on the case. Mr. Quinn only accepted the role as replacement counsel with the understanding that he would only be able to work on the case beginning February 11, 2019. Without a replacement counsel able to substantively respond to the Motion to Dismiss, someone representing Swan Global (likely Mr. Fourton) should have filed a Motion for Extension of Time to respond to the Motion to Dismiss.

5. Neither is there any legitimate excuse for Swan Global to not have appeared at the scheduled February 6, 2019 hearing. Mr. Fourton obviously did not read in full the minute orders issued by the Court. Mr. Quinn, in accepting the role as replacement counsel, should have at least reviewed the docket to see what had been scheduled and when. To the extent there was any confusion, Swan Global's representatives could have called Chambers to seek clarification or could have contacted opposing counsel to discuss her understanding of the hearing dates. No one called Chambers. Mr. Fourton claims he called the Clerk's Office to inquire and left a message. No message was received by Chambers.

6. I find that Swan Global did violate court orders and the rules of this Court by not filing a short and plain complaint (even having been given opportunities to amend), by not responding in a timely way to the Motion to Dismiss, and by not appearing at a hearing after having been warned that failure to retain replacement counsel for Mr. Fourton might result in dismissal of the case.

**V.     The Legal Test for Dismissal with Prejudice**

The question is what is the appropriate sanction for these violations? Defendant Young seeks dismissal with prejudice, which would end this lawsuit.

The Tenth Circuit laid out the test for whether dismissal with prejudice is an appropriate sanction in *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992). In that case, the court was addressing a discovery sanction for failure to appear at a deposition, but the principles articulated there apply equally to Plaintiff's Motion to Dismiss, which is based on Rule 41(b). The *Ehrenhaus* court held as follows:

> At the outset, we recognize that dismissal represents an extreme
> sanction appropriate only in cases of willful misconduct. *Meade v.
> Grubbs*, 841 F.2d 1512, 1520 (10th Cir. 1988); *M.E.N. Co. v. Control
> Fluidics, Inc.*, 834 F.2d 869, 872–73 (10th Cir. 1987); *Standard Metals*,
> 817 F.2d at 628–29. In many cases, a lesser sanction will deter the
> errant party from further misconduct. "Because dismissal with prejudice
> 'defeats altogether a litigant's right to access to the courts,' it should be
> used as 'a weapon of last, rather than first, resort.'" *Meade*, 841 F.2d at
> 1520 n.6 (citations omitted).
>
> The district court's discretion to choose a sanction is limited in that the
> chosen sanction must be both "just" and "related to the particular 'claim'
> which was at issue in the order to provide discovery." *Insurance Corp.
> of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 707,
> 102 S.Ct. 2099, 2106, 72 L.Ed.2d 492 (1982). Before choosing
> dismissal as a just sanction, a court should ordinarily consider a
> number of factors, including: "(1) the degree of actual prejudice to the
> defendant; (2) the amount of interference with the judicial process; ...
> (3) the culpability of the litigant," *Ocelot Oil Corp. v. Sparrow Indus.*, 847
> F.2d 1458, 1465 (10th Cir. 1988) (quoting *Meade*, 841 F.2d at 1521 n.7
> (10th Cir. 1988)); (4) whether the court warned the party in advance
> that dismissal of the action would be a likely sanction for
> noncompliance, *see, e.g.*, *Willner v. University of Kansas*, 848 F.2d
> 1023, 1030 (10th Cir. 1988) (per curiam), *cert. denied*, 488 U.S. 1031,
> 109 S.Ct. 840, 102 L.Ed.2d 972 (1989); *Standard Metals*, 817 F.2d at
> 629; *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.), *cert. denied*,
> 493 U.S. 863, 110 S.Ct. 180, 107 L.Ed.2d 135 (1989); *Spiller v. U.S.V.
> Labs., Inc.*, 842 F.2d 535, 538 (1st Cir. 1988); and (5) the efficacy of
> lesser sanctions. *See Ocelot Oil*, 847 F.2d at 1465; *Meade*, 841 F.2d at
> 1520; *Taylor v. Medtronics, Inc.*, 861 F.2d 980, 986 (6th Cir. 1988).
> "Only when the aggravating factors outweigh the judicial system's
> strong predisposition to resolve cases on their merits is dismissal an
> appropriate sanction." *Meade*, 841 F.2d at 1521 n.7 (citations omitted).
>
> These factors do not constitute a rigid test; rather, they represent
> criteria for the district court to consider prior to imposing dismissal as a
> sanction. The court should ordinarily evaluate these factors on the
> record. *See Bud Brooks Trucking v. Bill Hodges Trucking*, 909 F.2d
> 1437, 1439 (10th Cir. 1990).

*Ehrenhaus*, 965 F.2d at 920-921.

Using the criteria laid out in *Ehrenhaus*, I find that the extreme sanction of dismissal with prejudice would be disproportionate to Swan Global and its counsel's

failures in this case. The lesser sanction of an award of attorneys' fees would be more just in this situation, especially given "the judicial system's strong predisposition to resolve cases on their merits." *Id.* at 921 (quoting *Meade v. Grubbs*, 841 F.2d 1512, 1521 n.7 (10th 1988)). *See also Mobley v. McCormick*, 40 F.3d 337, 341 (10th Cir. 1994) (expressing "particular[ ] concern[ ] with the trial court's failure to consider whether a lesser sanction would be appropriate" in imposing the severe sanction of dismissal with prejudice); *Jones v. Thompson*, 996 F.2d 261, 265 (10th Cir. 1993) ("[D]ismissal is a severe sanction and is not ordinarily warranted if lesser sanctions would be effective."); *The Procter & Gamble Co. v. Haugen*, 427 F.3d 727, 741 (10th Cir. 2005) (reversing the district court for, among other reasons, failing to consider the efficacy of lesser sanctions as alternatives to dismissal).[1]

Swan Global's counsel conceded at oral argument that an award of attorneys' fees would be appropriate in this situation where Defendant Young has incurred

---

[1] I also reviewed the case law cited by Defendant Young to support his position that this case warrants the extreme sanction of dismissal with prejudice, and find that the circumstances in those cases, in which dismissal was found to be an appropriate sanction, are factually distinguishable and involved more egregious violations than those presented here. (Dkt. #42 ¶ 17.) *See, e.g.*, *Coad v. Waters*, No. 11-cv-01564-PAB-CBS, 2013 WL 1767788 (D. Colo. Apr. 5, 2013) (plaintiff failed to appear at a status conference, failed to respond to court's show cause order, failed to respond to a motion to dismiss, failed to file required notice of change of address, repeatedly failed to comply with the local rules, and failed to prosecute his case, warranting dismissal of case *without* prejudice); *Echenique v. Goodwill Industries of Denver*, No. 13cv00556-PAB-MJW, 2014 WL 459776 (D. Colo. Feb. 4, 2014) (Judge Brimmer accepted recommendation of Magistrate Judge Watanabe that defendant's motion to dismiss for failure to prosecute be granted because plaintiff failed to respond to written discovery, failed to respond to a motion to compel or motion to dismiss, failed to respond to voicemails and correspondence from defense counsel, refused to schedule her deposition in violation of a court order, and failed to prosecute her case).

unnecessary attorneys' fees because of Swan Global's failure to abide by the rules and to appear at hearings.

Further supporting my decision is my view that the prejudice to Defendant Young has been limited to attorneys' fees, and can be remediated by an award of those fees. Defendant Young's ability to defend against the substantive claims in the case has not been adversely affected. Although two months have passed while progress in this litigation has stalled, the delay has not reached the point of being excessive. There has been some interference with the judicial process, but it has not been extreme. The Court held a hearing where no one from Swan Global appeared (until the Court of its own accord reached out). Presumably, this will not happen again, and the threat of additional sanctions will be a strong deterrent to similar conduct in the future. The Plaintiff in this instance is culpable to some degree. But much of the problem can be attributed to Mr. Fourton's dismissal from his position and his inability (or disinclination) to fulfill his obligations as counsel on the case after having lost his job and moved to New York. In sum, I do not find a level of intentional culpable conduct on Swan Global's part that would justify dismissal with prejudice. Incompetence and confusion are not malice. I do not find that the aggravating factors in this situation outweigh "the judicial system's strong predisposition to resolve cases on their merits."

## VI. Conclusion

Therefore, it is **ORDERED** that the Order to Show Cause shall be discharged.

It is further **ORDERED** that Plaintiff Swan Global shall file a further amendment of its complaint within seven days from the date of this order that shall be a "short and

plain" statement of its claims, consistent with Fed. R. Civ. P. 8. The Defendant shall answer or otherwise respond within the time set by the rules.

As a sanction for its failure to abide by the rules and court orders, it is further **ORDERED** Swan Global shall pay the attorneys' fees incurred by Defendant Young for (1) filing the motion to dismiss (Dkt. #25); (2) preparing for and appearing at the hearing on February 6, 2019; (3) responding to Plaintiff's Response to the Order to Show Cause; and (4) preparing for and appearing at the Show Cause hearing on February 25, 2019. Defense counsel shall serve on Plaintiff's counsel an itemized accounting of fees incurred in connection with the above-listed tasks within 10 days of the date of this Order. If the Parties cannot agree on a reasonable amount of the fees incurred, the Court will hold a hearing on the issue.

Consistent with the reasoning outlined above, it is **RECOMMENDED** that Defendant's Motion to Dismiss Pursuant to Fed.R.Civ.P. 41(b) be denied. Defendant's Motion sought dismissal with prejudice as a sanction for alleged inappropriate conduct, violation of the rules, and breach of the duty of candor to the Court. As described above, I find that the lesser sanction of an award of attorneys' fees is an appropriate alternative to dismissal with prejudice.

Finally, the Parties shall contact chambers jointly by telephone to pick a date for a scheduling conference to be set within the next 21 days.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections**

**within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives** *de novo* **review of the recommendation by the District Judge**, *Thomas v. Arn*, **474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions.** *Makin v. Colorado Dep't of Corrections*, **183 F.3d 1205, 1210 (10th Cir. 1999);** *Talley v. Hesse*, **91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Date: February 26, 2019

*[signature: N. Reid Neureiter]*

**N. Reid Neureiter**
**United States Magistrate Judge**