**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 18-cv-03124-CMA-NRN

SWAN GLOBAL INVESTMENTS, LLC,

    Plaintiff,

v.

THOMAS RICHARD YOUNG,

    Defendant.

---

**ORDER ADOPTING FEBRUARY 26, 2019 RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

---

This matter is before the Court upon the February 26, 2019 Order Discharging Order to Show Cause, Order Imposing Sanctions on Plaintiff, and Recommendation by United States Magistrate Judge N. Reid Neureiter that this Court deny Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 41(b). (Doc. # 44.) Defendant Thomas Richard Young filed an Objection (Doc. # 52) to the magistrate judge's Orders and Recommendation on March 12, 2019, and Plaintiff Swan Global Investments, LLC filed a Response (Doc. # 60) on March 26, 2019. For the reasons that follow, the Court overrules Defendant's Objection, affirms and adopts the Recommendation, and denies Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 41(b) (Doc. # 25).

## I. BACKGROUND

Magistrate Judge Neureiter's Recommendation details the factual and procedural background of this case. (Doc. # 44 at 1–11.) The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). Accordingly, the factual background of this dispute will be reiterated only to the extent necessary to address Plaintiff's Objection.

Plaintiff initiated the instant action in Colorado state court on November 16, 2018, and filed its first Amended Complaint on November 26, 2018. (Doc. ## 1-1, 1-2.) On December 4, 2018, Defendant removed the case to federal court. (Doc. # 1.) On December 14, 2018, Leslie E. Fourton filed a Notice of Entry Appearance (Doc. # 14) as Plaintiff's General Counsel. On December 30, 2019, Mr. Fourton filed two documents (Doc. ## 19, 20), which formed the basis of Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 41(b) (Doc. # 25) and, ultimately, Defendant's Objection to Magistrate Judge Neureiter's Orders and Recommendation (Doc. # 52).

One of the December 30 filings was an amended complaint. (Doc. # 20.) The parties had previously conferred regarding Plaintiff's intention to file an amended complaint, and defense counsel "consented to the additional amendment . . . with the understanding and belief from [Plaintiff's] counsel that the forthcoming amendments would narrow the complaint and address the numerous deficiencies identified during the conferral between counsel." (Doc. # 25 at 2.) However, the amended complaint was twice as long as its predecessor and included the same causes of action. (*Id.*)

The other December 30 filing was a Motion to Withdraw as Counsel, which indicated that Plaintiff was "eliminating the General Counsel position in its entirety as of December 31, 2018." (*Id*. at 1.) Mr. Fourton reiterated that statement at a hearing[1] before Magistrate Judge Wang on January 9, 2019, and a representative from Plaintiff's organization who was in attendance did not state anything to the contrary. (Doc. # 36 at 2–3.) However, in an unrelated matter, Defendant learned that James Candelaria had become Plaintiff's General Counsel effective January 1, 2019. (Doc. # 25 at 3.) By email dated January 11, 2019, Mr. Candelaria stated:

> I am not representing [Plaintiff] in the [instant case] nor can I because I am a U.S. District Court Magistrate in the District of Colorado. The Federal Court knows that I work for [Plaintiff]. It is true that I am in-house counsel for [Plaintiff] (part-time) and will represent [Plaintiff] on matters. However, since I have a conflict [Plaintiff] is having to search for and hire outside counsel.

(Doc. # 25-1 at 1.) Mr. Candelaria's signature block in the email indicates that he is "General Counsel" for Plaintiff. (*Id*.)

After Mr. Candelaria's role in Plaintiff's organization became apparent, Magistrate Judge Wang recused herself from this case due to her professional relationship with Mr. Candelaria. (Doc. # 26 at 1.) The case was reassigned to this Court, and this Court designated Magistrate Judge Neureiter to conduct non-dispositive proceedings. (Doc.

---

[1] Magistrate Judge Wang instructed Plaintiff's Counsel and a representative from Plaintiff's organization to appear at the hearing in person. (Doc. # 21.) However, both Plaintiff's counsel and representative appeared by phone, and the transcript of the January 9 hearing does not indicate that that either Plaintiff's counsel or representative had a justification for their failure to appear in person. *See* (Doc. # 36).

## 28, 29.) Accordingly, this Court referred the following matters to Magistrate Judge Neureiter on January 16, 2019:

- Mr. Fourton's first and second Motion to Withdraw as Counsel (Doc. ## 19, 28);

- Defendant's Unopposed Motion for an Extension of Time to Respond to Plaintiff's Third Amended Complaint (Doc. # 24); and

- Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 41(b) (Doc. # 25).

(Doc. # 30.)

Subsequently, Magistrate Judge Neureiter held a motions hearing on February 6, 2019, at which Plaintiff failed to appear. The Courtroom Minutes reflect that the magistrate judge "will issue a recommendation regarding granting [Defendant's] Motion to Dismiss Pursuant to Fed. R. Civ. P. 41(b) . . . . The Court tentatively decides to recommend that this case be dismissed." (Doc. # 37 at 2.) On February 12, 2019, the magistrate judge issued an Order to Plaintiff Swan Global to Show Cause Why This Case Should Not Be Dismissed with Prejudice Pursuant to Fed. R. Civ. P. 41(b). (Doc. # 38.) Specifically, the Order directed Plaintiff to show cause:

> why this matter should not be dismissed with prejudice as a sanction for (1) making misrepresentations or material omissions to opposing counsel and the Court; (2) failing to file a "short and plain" statement of the case, and failing to make it either shorter or plainer in multiple amendments; (3) failing to respond in a timely manner to Defendant's Motion to Dismiss; (4) failing to have replacement counsel timely enter an appearance to replace counsel who has twice sought to withdraw from the case, even after being ordered to do so by the Court; and (5) failing to appear at the February 6, 2019 motions hearing.

(*Id*. at 1.)

On February 20, 2019, Thomas F. Quinn filed an Entry of Appearance as counsel for Plaintiff (Doc. # 39) and a Response to Order to Show Cause (Doc. # 41).

On February 22, 2019, Defendant filed a Reply to Plaintiff's Response to Order to Show Cause. (Doc. # 42.) On February 25, 2019, Magistrate Judge Neureiter held a hearing on the Order to Show Cause, and on February 26, 2019, he issued the following Orders and Recommendation:

- Ordered that the Order to Show Cause (Doc # 38) was discharged;

- Ordered that Plaintiff shall file a further amendment of its complaint;

- Ordered that Plaintiff shall pay the attorney fees incurred by Defendant for:

    (1) filing its Motion to Dismiss Pursuant to Fed. R. Civ. P. 41(b) (Doc. # 25);

    (2) preparing for and appearing at the February 6, 2019 motions hearing before Magistrate Judge Neureiter;

    (3) responding to Plaintiff's Response to the Order to Show Cause; and

    (4) preparing for and appearing at the Show Cause hearing on February 25, 2019; and

- Recommended that Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 41(b) should be denied because the "lesser sanction of an award of attorneys' fees is an appropriate alternative to dismissal with prejudice."

(Doc. # 44 at 16.)

Defendant's Objection focuses on Magistrate Judge Neureiter's recommendation regarding Defendant's Motion to Dismiss and on the magistrate judge's order directing Plaintiff to file an additional amended complaint. *See* (Doc. # 52).

## II. STANDARDS OF REVIEW

### A. MAGISTRATE JUDGE RECOMMENDATIONS ON DISPOSITIVE MATTERS

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine *de*

5

*novo* any part of the magistrate judge's [recommended] disposition that has been properly objected to." An objection is properly made if it is both timely and specific. *United States v. One Parcel of Real Property Known As 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir.1996). In conducting its review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

**B.    MAGISTRATE JUDGE ORDERS ON NONDISPOSITIVE MATTERS**

When a magistrate judge issues an order on a non-dispositive, pretrial order, "[a] party may serve and file objections to the order to the district court within 14 days after being served with a copy." Fed. R. Civ. P. 72(a). The district court must modify or set aside any part of the order that "is clearly erroneous or is contrary to law." Fed. R. Civ. Pro. 72(a); 28 U.S.C. § 636(b)(a)(A); *First Union Mortg. Corp. v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000).

With regard to legal matters, the district court conducts an independent, plenary review of the magistrate judge's order. *In re Motor Fuel Temperature Sales Practice Litigation*, 707 F. Supp. 2d 1145, 1148 (D. Kan. 2010); *see also* 12 Charles Alan Wright, et al., Federal Practice & Procedure § 3069 (2d ed. 2017). Under the 'contrary to law' standard, the reviewing court "set[s] aside the magistrate order only if it applied an incorrect standard," *Dias v. City & Cty. of Denver*, No. 07-cv-00722-WDM-MJW, 2007 WL 4373229, *2 (D. Colo. Dec. 7, 2007) (internal quotations omitted), or applied the appropriate legal standard incorrectly, *Kissing Camels Surgery Ctr., LLC v. Centura*

*Health Corp.*, No. 12-cv-3012-WJM-BNB, 2014 WL 5599127, *1 (D. Colo. Nov. 4, 2014).

As to factual findings by the magistrate judge, the 'clearly erroneous' standard "requires that the reviewing court affirm unless it 'on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). This is a deferential standard. *In re Motor Fuel Temperature Sales Practice Litigation*, 707 F. Supp. 2d at 1147.

### III. DISCUSSION

In his Objection (Doc. # 52), Defendant asserts two arguments. First, Defendant contends that Magistrate Judge Neureiter erred in recommending that this Court should deny Defendant's Motion to Dismiss. Second, Defendant argues that the magistrate judge erred in ordering Plaintiff to file an additional amendment of its complaint. The Court will address each argument in turn.

**A. MAGISTRATE JUDGE NEUREITER'S RECOMMENDATION**

Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 41(b) seeks dismissal of this case with prejudice as a sanction for alleged inappropriate conduct, violation of the federal and local rules of procedure, and breach of the duty of candor to the Court. (Doc. # 44 at 16.) However, Magistrate Judge Neureiter found that "the lesser sanction of an award of attorneys' fees is an appropriate alternative to dismissal with prejudice." (*Id.*) In his Objection, Defendant contends that the magistrate judge erred in concluding

that "a sanction short of dismissal" is warranted under the circumstances. (Doc. # 52 at 6.) The applicable standard of review for this issue is *de novo*. Fed. R. Civ. P. 72(b)(3).

Federal Rule of Civil Procedure 41(b) indicates that if a plaintiff "fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it," which "operates as an adjudication on the merits." However, "[b]ecause dismissal is such a harsh sanction, it is appropriate only in cases of willfulness, bad faith, or some other fault of [the plaintiff]." *Chavez v. City of Albuquerque*, 404 F.3d 1039, 1044 (10th Cir. 2005) (quotation and alteration omitted). Accordingly, the Tenth Circuit has held that Rule 41(b) involuntary dismissals should be determined by reference to the criteria set forth in *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992). *See Black v. Larimer Cty.*, 722 F. App'x 763, 767 (10th Cir. 2018). The *Ehrenhaus* factors are as follows:

1. The degree of actual prejudice to the defendant;
2. The amount of interference with the judicial process;
3. The culpability of the litigant;
4. Whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and
5. The efficacy of lesser sanctions.

*Auto-Owners Ins. Co. v. Summit Park Townhome Assoc.*, 866 F.3d 852, 860 (10th Cir. 2018) (citation and quotation marks omitted).

"The factors do not create a rigid test but are simply criteria for the court to consider." *Gripe v. City of Enid, Okl.*, 312 F.3d 1184, 1188 (10th Cir. 2002) (citing

8

*Ehrenhaus*, 965 F.2d at 921). As applied to the instant case, the *Ehrenhaus* factors do not yield the conclusion that dismissal of Plaintiff's case with prejudice is necessary as a sanction.

With regard to the prejudice sustained by Defendant, the record establishes the conduct giving rise to Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 41(b) began on December 30, 2018, when Mr. Fourton filed an amended complaint and Motion to Withdraw. The amended complaint was 44 pages in length and contained 23 claims for relief. (Doc. # 20.) Additionally, the Motion to Withdraw contained the alleged misrepresentation regarding the status of the General Counsel position at Plaintiff's organization. (Doc. # 19 at 1.)

However, Plaintiff appears to have adjusted its conduct beginning with the appearance of Mr. Quinn on February 20, 2019. Mr. Quinn filed an amended complaint that is 18 pages in length and contains 5 claims for relief, which is significantly more tailored than its predecessors. (Doc. # 49.) Moreover, Mr. Fourton's statements regarding the elimination of his position were true to the extent that his position was terminated effective December 31, 2018, and Plaintiff no longer employed a full-time, in-house attorney. (Doc. # 41 at 7.) In sum, because Plaintiff's conduct has adjusted and because the timeframe in which the conduct occurred was relatively short, Defendant has not been substantially prejudiced in his ability to present his defense.

Similarly, the ultimate degree of interference with the judicial process was marginal. Plaintiff's conduct did cause delays in the litigation process, and Plaintiff's failure to appear as instructed at the January 9 hearing before Magistrate Judge Wang

and the February 6 hearing before Magistrate Judge Neureiter is inexcusable. Nevertheless, both magistrate judges found ways to keep the case moving forward. In particular, Magistrate Judge Neureiter's Order to Show Cause and imposition of sanctions appears to have substantially modified Plaintiff's conduct. Further, while Plaintiff is certainly culpable for its conduct, the record does not contain sufficient evidence to support the conclusion that Plaintiff or its counsel acted in bad faith. Rather, the record suggests that Plaintiff's conduct is more attributable to negligence.

With respect to the fourth and fifth *Ehrenhaus* factors, Plaintiff was warned that failing to comply with court orders could result in the termination of this case with prejudice. (Doc. # 38.) However, with respect to what is likely the most important factor, the imposition of sanctions less than dismissal with prejudice appear to have been an effective means of incentivizing Plaintiff to modify its conduct. Therefore, because dismissal with prejudice is warranted "[o]nly when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits," such a sanction is not warranted under the circumstances.[2] *Ehrenhaus*, 965 F.2d at 921.

**B.    MAGISTRATE JUDGE NEUREITER'S PRETRIAL ORDER**

Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading . . . with the court's leave." By issuing an order directing Plaintiff to file an

---

[2] Defendant argues that the sanctions Magistrate Judge Neureiter awarded were too narrow. (Doc. # 52 at 7.) The Court disagrees. The record establishes that Plaintiff's conduct resulted in Defendant: filing his Motion to Dismiss Pursuant to Fed. R. Civ. P. 41(b); preparing for and appearing at the February 6, 2019 motions hearing before Magistrate Judge Neureiter; responding to Plaintiff's Response to the Order to Show Cause; and preparing for and appearing at the Show Cause hearing on February 25, 2019. Therefore, the sanctions that the magistrate judge awarded accurately reflect the degree of harm that was caused.

additional amended complaint that complied with Rule 8 of the Federal Rules of Civil Procedure, Magistrate Judge Neureiter provided the leave to amend required by Rule 15(a)(2) where, as here, an amendment is not within the scope of Rule 15(a)(1). Defendant asserts that Magistrate Judge Neureiter "erred in granting [Plaintiff] the right to file a Fourth Amended Complaint at all, but particularly in the absence of any motion for leave and knowing that [Defendant] specifically opposed any such requested amendment." (Doc. # 52 at 14.) The applicable standard of review for this issue is whether Magistrate Judge Neureiter's order "is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(a)(A); *First Union Mortg. Corp. v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000).

Defendant has not shown, and the record does not support a conclusion that, Magistrate Judge Neureiter's order is clearly erroneous or contrary to law. Ordering a plaintiff to file an amended complaint that complies with the Federal Rules of Civil Procedure is not a misapplication of Rule 15. *Kissing Camels Surgery Ctr., LLC*, 2014 WL 5599127, at *1. Moreover, after reviewing the magistrate judge's assessment of the relevant facts, the Court is not "left with the definite and firm conviction that a mistake has been committed." *Ocelot Oil Corp.*, 847 F.2d at 1464 (citation omitted). Accordingly, the Court affirms Magistrate Judge Neureiter's order directing Plaintiff to file an additional amended complaint.

## IV.    CONCLUSION

Based on the foregoing reasons, it is ORDERED that Defendant's Objection (Doc. # 52) is OVERRULED. It is

FURTHER ORDERED that Magistrate Judge Neureiter's Recommendation (Doc. # 44) is AFFIRMED AND ADOPTED as an order of this Court. Accordingly, Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 41(b) (Doc. # 25) is DENIED. It is

FURTHER ORDERED that Magistrate Judge Neureiter's Order directing Plaintiff to file an additional amended complaint (Doc. # 44) is AFFIRMED.

DATED: May 17, 2019

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge