IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 18-cv-03124-CMA-NRN

SWAN GLOBAL INVESTMENTS, LLC,

    Plaintiff,

v.

THOMAS RICHARD YOUNG,

    Defendant.

---

**ORDER RE: MOTION FOR ATTORNEY FEES**
_____

    This matter is before the Court on Defendant Thomas Richard Young's Motion for Attorney Fees (Doc. # 140). The Motion is denied for the following reasons.

    This case was dismissed as a sanction for Plaintiff's failure to comply with discovery and disclosure rules. (Doc. # 133). In its Order of dismissal, the Court ordered Defendant to "submit a motion for attorney fees <u>incurred as a result of the above-described discovery violations</u>, including a detailed computation of the fees requested." (Doc. # 133, p. 12 (emphasis added)). Rather than filing such a motion, Defendant filed a motion seeking "*all* of the attorney fees incurred in defending this litigation," totaling $96,204.00. (Doc. # 140, p. 2 (emphasis in original)). Defendant has failed to demonstrate that he is entitled to such an award, and his Motion is therefore denied.

    Rule 37 provides that, when a party fails to comply with the discovery and disclosure rules, the Court may impose "appropriate sanctions," including "dismissing

1

the action or proceeding in whole or in part" and ordering "payment of reasonable expenses, including attorney fees, caused by the failure."[1] F.R.C.P. 37(c)(1) and (b)(2)(a)(v). However, "the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). The party seeking fees bears the burden "to prove and establish the reasonableness of each dollar, each hour, above zero." *Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1210 (10th Cir. 1986).

Defendant has failed to demonstrate that he is entitled to the attorney fees he seeks under Rule 37. That rule provides that the Court may award only those fees that were "caused by" a discovery violation. F.R.C.P. 37(c)(1)(A), (b)(2)(C). It does not give the Court blanket authority to award all fees incurred in the action. Rather, the Court must "determine which of the attorney's fees and expenses . . . were the result of specific violations of the [discovery] rules," and award only those fees. *Turnbull v. Wilcken*, 893 F.2d 256, 259 (10th Cir. 1990). The Court cannot do so here because Defendant has failed to identify which of the claimed fees were "caused by" Plaintiff's discovery violations. Instead, he simply submits all of his attorney invoices and demands reimbursement of "*all* of the attorney fees incurred in defending this litigation." (Doc. # 140, p. 2). Plaintiff has failed to establish that Rule 37 entitles him to such relief.

---

[1] The Court's dismissal order incorrectly stated that the Court "must" award attorney fees when it orders dismissal as a sanction for discovery violations. (Doc. # 133, p. 11). In fact, the Court's authority to award fees under these circumstances is discretionary. *See* F.R.C.P. 37(c)(1)(A) (the court "may order payment of reasonable expenses, including attorney's fees, caused by" a discovery violation); *see also Hensley*, 461 U.S. at 437 (the court "has discretion in determining the amount of a fee award.").

Further, the Court has no obligation to sift through Defendant's invoices in an attempt to discern which fees relate to the discovery violations and which relate to other aspects of the litigation. "The burden is not for the court to justify each dollar or hour deducted from the total submitted by counsel. It remains counsel's burden to prove and establish the reasonableness of each dollar, each hour, above zero." *Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1210 (10th Cir. 1986). By failing to identify which fees relate to Plaintiff's discovery violations, Defense counsel have failed to meet their burden to establish the reasonableness of the requested fee. Therefore, Defendant's Motion must be denied.

Defendant argues, however, that even if he is not entitled to recover all of his fees under Rule 37, he is entitled to recover those fees under under C.R.S. § 13-17-102(4). This argument also fails.

Section 13-17-102(4) provides, in relevant part, that the Court "shall" award attorney fees to a party who defended a frivolous or groundless case:

> The court shall assess attorney fees if, upon the motion of any party or the court itself, it finds that an attorney or party brought or defended an action, or any part thereof, that lacked substantial justification or that the action, or any part thereof, was interposed for delay or harassment or if it finds that an attorney or party unnecessarily expanded the proceeding by other improper conduct, including, but not limited to, abuses of discovery procedures available under the Colorado rules of civil procedure . . . .

C.R.S. § 13-17-102(4) (emphasis added). Defendant argues that this statute provides for an award of "any fees incurred which [the Court] deems outside the scope of Fed. R. Civ. P. 37(b)(2)(C)." This argument is unavailing.

3

First, Defendant has failed to establish that that C.R.S. § 13-17-102(4) even applies to this case. Courts in this District have consistently found that § 13-17-102 conflicts with F.C.R.P. 11. *See, e.g. Dowling v. Gen. Motors LLC*, 333 F.R.D. 534, 538 (D. Colo. 2019) (collecting cases). "The conflict arises because although both Rule 11 and § 13-17-102 allow sanctions against a party who has brought frivolous or groundless claims," *id.*, Rule 11 contains a safe-harbor provision that "requires that a party seeking sanctions serve its motion on the opposing party 21 days before filing." *Kazazian v. Emergency Serv. Physicians*, P.C., 300 F.R.D. 672, 676 (D. Colo. 2014); *see also* F.R.C.P. 11(c)(2) (safe-harbor provision). Section 13-17-102 contains no such safe-harbor provision. Therefore, courts in this district have found Rule 11's safe harbor provision to be in "direct conflict" with § 13–17–102. *Id*. "When a federal rule causes a direct collision with the state law or implicitly controls the issue before the court, the court must apply the Federal Rule." *Hanover Ins. Grp. v. iCarpets, Inc.*, No. 16-CV-01013-RBJ, 2017 WL 6524657, at *7 (D. Colo. Dec. 21, 2017) (internal quotations omitted). "[T]herefore, failure to comply with the safe-harbor provision [in Rule 11] bars a motion for attorney's fees pursuant to C.R.S. § 13-17-102." *Dowling*, 333 F.R.D. at

4

538. Defendant offers no evidence that he complied with Rule 11's safe-harbor provision, so he is barred from seeking fees under C.R.S. § 13-17-102.[2]

Further, even if Defendant had complied with Rule 11, his Motion would still fail because Defendant has failed to demonstrate that this action was frivolous or groundless. "Both Rule 11 and § 13-17-102 allow sanctions against a party who has brought frivolous or groundless claims." *Dowling*, 333 F.R.D. at 538 (D. Colo. 2019). "A claim or defense is frivolous if the proponent can present no rational argument based on the evidence or law in support of that claim or defense." *W. United Realty, Inc. v. Isaacs*, 679 P.2d 1063, 1069 (Colo. 1984). Defendant's Motion does not establish that Plaintiff's claims were groundless. In fact, the Motion fails to even discuss the claims at issue in this case. Rather, Defendant argues that that "[Plaintiff]'s dilatory tactics and discovery violations . . . emphasize the vexatious nature of Swan's claims against Young." (Doc. # 140, p. 4). But the mere fact that a plaintiff committed a discovery violation, however serious, does not necessarily establish that the plaintiff's lawsuit is "frivolous or groundless." A party with a legitimate claim can violate the discovery rules, and a party with a groundless claim can obey them. Proof of one type of misconduct does not necessarily prove the other.

---

[2] In his Reply, Defendant acknowledges that this fee request might be barred by Rule 11, and in a footnote, he "requests leave to seek any fees not awarded pursuant to Fed. R. Civ. P. 37 as permitted by Fed. R. Civ. P. 11." (Doc. # 149, p. 8, n. 9). The Court declines to consider this request. "A motion shall not be included in a response or reply to the original motion. A motion shall be filed as a separate document." D.C.COLO.LCivR 7.1(d). Further, arguments that are raised for the first time in a reply brief, or mentioned only in a footnote, are generally deemed waived. *See, e.g. United States v. Harrell*, 642 F.3d 907, 918 (10th Cir. 2011) ("arguments raised for the first time in a reply brief are generally deemed waived,"); *see also Rowley v. City of New York*, No. 00 Civ. 1793 (DAB), 2005 WL 2429514 (S.D. N.Y. 2005) (refusing to address argument raised only in a footnote).

Defendant further claims, without evidence, that "Swan's willful discovery violations were more than merely negligent – they were dishonest, self-driven, and in bad faith, *and* they impacted *the entirety of case*[.]" (Doc. # 139, pp. 5-6 (emphasis in original)). This argument also fails. Even if Defendant could prove his accusations of dishonesty, the Court has already sanctioned Plaintiff for its discovery violations. (Doc. # 133). To obtain additional relief in the form of attorney fees, Defendant must prove that he is entitled to those fees and that the fees he seeks are reasonable. As explained above, he has failed to do so, so he is not entitled to relief.

For the foregoing reasons, Defendant Thomas Richard Young's Motion for Attorney Fees (Doc. # 140) is DENIED.

DATED:  July 27, 2021

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge